## SUPREME COURT.

### HENRY A. HARTT and others agt. CHARLES R. HARVEY and others.

Where a *complaint* asks for compensation in damages for the alleged wrongful withholding of a certificate of an election to an office, and keeping the plaintiffs out of office, and also that the election certificate of the defendants be declared null and void, it will be *dismissed* where it is evident that the principal relief asked for is the judgment of the court on the question of the *right and title to the office,*—which must be tried by *quo warranto.*

*New York Special Term, August,* 1861.
TRIAL at special term.

W. C. NOYES, *for the plaintiffs.*
E. F. HALL, *for the defendants Harvey and Tompkins.*
Mr. CHESTER, *for the other defendants.*

SUTHERLAND, Justice.   It is true that the complaint in this case asks for compensation in damages for the alleged wrongful withholding of the certificate and keeping the plaintiffs out of office; and, also, that the certificate of the defendants be declared null and void; but it is perfectly plain that the main relief asked for in the complaint is the judgment or determination of the court, that the defendants were not regularly elected, and are not entitled to the office, and that the plaintiffs were regularly elected, and are entitled to the office.

If the plaintiffs were not regularly elected, and are not entitled to the office, then the certificate has not been wrongfully withheld from them, and they are not entitled to any compensation in damages, or to have the certificate of the defendants declared null and void.

There can be no damages given to the plaintiffs; nor can the defendants' certificate be declared null and void, without first determining the title to the office.

The damages and equitable relief asked for in the complaint are asked for as mere incidents of the main relief asked for, to wit, the judgment of the court on the question of the right and title to the office.

It follows that the complaint should be dismissed, for it is clear that this court has not jurisdiction to try this question of title in this action. It should be tried by an action or proceeding in the nature of *quo warranto*.

Judge MULLIN's opinion in *Hartt* agt. *Harvey*, (19 *How. Pr. R.*, 245,) is, in my opinion, conclusive on this point.